UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

LEON SLOAN, SR. *et al.*,

                      Plaintiffs,

    v.

U.S. DEPARTMENT OF HOUSING AND
URBAN DEVELOPMENT *et al.*,

                      Defendants.

**MAR 2 1 2002**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Civil Action No.:      97-0764 (RMU)

Document No.:      45

## MEMORANDUM OPINION

### ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON THE ATTORNEYS' FEES ISSUE; DENYING THE PLAINTIFFS' MOTION FOR RECONSIDERATION

## I. INTRODUCTION

This matter comes before the court on the plaintiffs' petition for an award of attorneys' fees. The court referred this issue to Magistrate Judge John M. Facciola for a report and recommendation ("R&R"). Magistrate Judge Facciola recommended that the court deny the plaintiffs' petition. The plaintiffs then filed a motion for reconsideration of the R&R.[1] The defendants filed an opposition, and the plaintiffs filed a reply. For the reasons that follow, the court will adopt the R&R and its findings, and will deny the plaintiffs' motion for reconsideration of the R&R.

---

[1] The court agrees with the defendants that although the plaintiffs characterize their February 19, 2002 motion as requesting "reconsideration" of Magistrate Judge Facciola's R&R, the plaintiffs should have styled their motion as one that presented the district court with "objections" to the R&R under Federal Rule of Civil Procedure 72(b). *See* FED. R. CIV. P. 72(b); Opp'n to Pls.' Mot. for Recons. of Report and Recommendation ("Def.'s Opp'n") at 1 n.1. The plaintiffs' motion would seem to suggest that Magistrate Judge Facciola should review his own R&R, but, as the defendants properly observe, "there is no provision in the Federal Rules of Civil Procedure by which to seek 'reconsideration' of a report and recommendation from a Magistrate Judge." *See* Def.'s Opp'n at 1 n.1.

## II. BACKGROUND

### A. Factual History[2]

The events that set the stage for this case occurred when the United States Department of Housing and Urban Development ("HUD") suspended the plaintiffs from government contracting based on their performance of demolition work at a public housing project near Pittsburgh, Pennsylvania. *See* Defs.' Opp'n at 2. The plaintiffs filed suit under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, claiming that HUD violated its own regulations in suspending the plaintiffs from work on future HUD projects, that HUD's investigation was inadequate, and that HUD deprived the plaintiffs of their due process rights. *See* Mem. Op. dated January 3, 2000 at 1. The plaintiffs also set forth a *Bivens* claim, arguing that certain HUD employees involved in the investigation and suspension of the plaintiffs were liable in their individual capacities for allegedly deficient work and thereby for violating the plaintiffs' constitutional rights. *See id.*; *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The plaintiffs sought monetary damages and revocation of their temporary suspension. *See* Mem. Op. dated January 3, 2000 at 1. Lastly, the plaintiffs filed a separate action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80, charging that actions by HUD officials leading to the plaintiffs' suspension were negligent and caused them to suffer monetary damages. *See* Def.'s Opp'n at 2.

### B. Procedural History

On January 3, 2000, the court issued a Memorandum Opinion granting the defendants' motion to dismiss the complaint. *See* Mem. Op. dated January 3, 2000. Specifically, the court held that HUD's actions were not arbitrary and capricious under the APA and also that the

---

[2] For a much more detailed recitation of this case's factual history, see the court's Memorandum Opinion dated January 3, 2000.

remedies available to the plaintiffs under the APA foreclosed their *Bivens* claims. *See id.* In the companion case involving the FTCA claim, the court held that the complaint failed to state a claim and granted the defendants' motion to dismiss. *See* Dkt. No. 98cv1201, Mem. Op. dated September 28, 1999.

The plaintiffs appealed both decisions. On November 6, 2000, the D.C. Circuit affirmed in part and reversed in part the court's decision in this case. *See Sloan v. Department of Housing and Urban Dev.*, 231 F.3d 10 (D.C. Cir. 2000). While the Court of Appeals affirmed the dismissal of the *Bivens* claim on the ground that the plaintiffs had not stated a claim for a constitutional violation, it reversed this court in concluding that HUD acted arbitrarily and capriciously and should have voided the plaintiffs' suspensions *ab initio*. *See id.* at 17-18. The D.C. Circuit also concluded that the evidence presented at the plaintiffs' administrative hearing was not adequate enough to justify taking "immediate action . . . to protect the public interest . . . ." *See id.* at 16. Separately, the D.C. Circuit affirmed this court's dismissal of the FTCA claims. *See Sloan v. Department of Housing and Urban Dev.*, 236 F.3d 756 (D.C. Cir. 2001).

On June 4, 2001, the plaintiffs filed a petition for an award of attorneys' fees and costs in this case. Alleging that the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, authorized an award of attorneys' fees and costs for amounts expended on the APA action, the plaintiffs submitted bills totaling $150,211.03. *See* Pls.' Petition for Award of Attorneys' Fees, Costs and Other Expenses ("Pls.' Pet.") at 7. On June 21, 2001, the defendants filed an opposition to the petition. The court then referred the petition to Magistrate Judge Facciola for an R&R. On February 5, 2002, Magistrate Judge Facciola issued his recommendation that this court deny the plaintiffs' petition for attorneys' fees. *See* R&R dated February 5, 2002. The plaintiffs followed

by filing a motion for reconsideration of the R&R, and the parties have now fully briefed that issue.

## III. ANALYSIS

### A. The Court Adopts the R&R's Analysis Involving 28 U.S.C. § 2412(d)

The plaintiffs seek attorneys' fees and expenses under the EAJA, and costs under 28 U.S.C. § 1920 and Local Civil Rule 54.1. In his R&R, Magistrate Judge Facciola noted that "[m]otions for fees and costs are subject to clear time filing requirements, which plaintiffs have failed to observe here." *See* R&R at 3. The EAJA requires parties seeking an award of fees and other expenses to submit an application for fees and other expenses "within 30 days of final judgment in the action." *See* 28 U.S.C. § 2412(d)(1)(B). Magistrate Judge Facciola correctly stated that the EAJA's time-filing requirements are jurisdictional in nature and may not be waived. *See Action on Smoking and Health v. Civil Aeronautics Bd.*, 724 F.2d 211, 225 (D.C. Cir. 1984); R&R at 3.

In this case, the D.C. Circuit ruled for the plaintiffs on the APA issue on November 14, 2000. *See Sloan*, 231 F.3d 10. Even under the most liberal timetable, which states that the 30-day period begins when the 90-day period for seeking certiorari before the Supreme Court lapses, *see, e.g.*, *Kolman v. Shalala*, 39 F.3d 173 (7th Cir. 1994), the plaintiffs would have had until March 14, 2001 to seek an EAJA award. *See* R&R at 4. Their June 4, 2001 petition was, therefore, "nearly three months late." *See id.* Moreover, as Magistrate Judge Facciola observed, the "[p]laintiffs offer no reason why they waited until June 4, 2001, to file the EAJA petition." *Id.*

4

In their motion for reconsideration, the plaintiffs' only argument for why this court should not accept the R&R is that the principle of equitable tolling should apply to this case. *See* Mot. for Recons. at 5. The plaintiffs contend that in a case subsequent to the D.C. Circuit's decision holding that the 30-day time limit is jurisdictional, the Supreme Court held that time limits similar to the EAJA were subject to equitable tolling. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95 (1990). The court, however, need not address whether the Supreme Court's rationale in *Irwin* should apply to the EAJA's 30-day time limit because the plaintiffs offer very weak reasons for why the court should invoke equitable tolling – a doctrine that applies only in very limited circumstances. The D.C. Circuit has made clear that the court's power to toll the statute of limitations "will be exercised only in extraordinary and carefully circumscribed instances." *See Mondy v. Secretary of the Army*, 845 F.2d 1051, 1057 (D.C. Cir. 1988); *see also Battle v. Rubin*, 121 F. Supp.2d 4, 7-8 (D.D.C. 2000) (Urbina, J.). Even *Irwin*, the very case the plaintiffs cite to support their argument, works against them. In that case, the Supreme Court stated that a plaintiff would not be afforded extra time to file without exercising due diligence and showing that the plaintiff's excuse is more than a "garden variety claim of excusable neglect." *See Irwin*, 498 U.S. at 96.

In their reply in support of their motion for reconsideration, the plaintiffs proffer that equitable tolling should apply because this case and the plaintiffs' FTCA case were interrelated and, thus, the judgment could not be deemed final until there was a final judgment in the FTCA case. *See* Pls.' Reply at 2. The court deems this reason entirely unpersuasive, noting that the plaintiffs have counsel, that counsel knew very clearly that the two cases were litigated separately, and that, as the R&R noted, the language of the EAJA makes clear that the deadline is 30 days from "the final judgment in the action." *See* 28 U.S.C. § 2412(d)(1)(B); R&R at 3. The

5

statute never says the clock runs from "the final judgment in this action and any related action."

*See* 28 U.S.C. § 2412(d)(1)(B). In short, even assuming *arguendo* that the EAJA's 30-day time

limit were subject to equitable tolling, the plaintiffs have provided no legitimate reason for the

court to apply this doctrine.

**B. The Court Rejects the Plaintiffs' Argument That They Are Entitled to an Award Under
28 U.S.C. § 2412(b)**

The plaintiffs' alternative argument for not accepting the R&R centers on their contention

that Magistrate Judge Facciola should have awarded them attorneys' fees under 28 U.S.C. §

2412(b). *See* Mot. for Recons. at 2-4. This action allows an award of attorneys' fees only in

exceptional cases such as when the losing party has acted in bad faith. *See id.* at 3 (citing *Hall v.

Cole*, 412 U.S. 1 (1973)). The plaintiffs then offer the court a vocabulary lesson by trying to

argue that the D.C. Circuit's ruling that HUD's refusal to void the suspensions *ab initio* was

arbitrary and capricious and that "arbitrary and capricious" is synonymous with bad faith. *See

id.* With thesaurus in hand, the court rejects this argument out of hand.

The exception to the traditional American ban on fee-shifting applies only in the unusual

circumstances where a party "has acted in bad faith, vexatiously, wantonly, or for oppressive

reasons." *See F.D. Rich Co. v. United States*, 417 U.S. 116, 129 (1974). The defendants argue

that even if a court finds an agency's decision to be arbitrary and capricious under the APA, this

does not preclude the decision from being "substantially justified" within the meaning of 28

U.S.C. § 2412(d)(2). *See* Defs.' Opp'n at 6-7 (citing *Pierce v. Underwood*, 487 U.S. 552, 566

n.2 (1988) (holding that to show substantial justification, the government need only show that its

position is one that "a reasonable person could think . . . correct, that is, [that the position] has a

reasonable basis in law and fact")).  Indeed, nothing in the history of this case demonstrates that

the government acted wantonly or in bad faith.  The court agrees with the defendants in that:

> there is not a shred of evidence in this Court's summary judgment ruling or the
> Court of Appeals' opinion remotely suggesting that either the underlying decision
> not to void the suspensions *ab initio* or the conduct of this litigation was in
> undertaken [sic] in bad faith or for other improper reasons.  The most that can be
> read from the Court of Appeals [sic] ruling is a determination that Defendants
> should have undertaken a more thorough investigation of the underlying
> contractual requirements and Plaintiffs' performance prior to issuing the
> suspension, which is a far cry from bad faith.

*Id.* at 7-8 (citing *Sloan*, 231 F.3d at 15) (emphasis added).  Lastly, the defendant correctly points

out that the very fact that this court initially granted the defendants' motion to dismiss the APA

claim indicates that the defendants' position "was at least reasonable, and manifestly not in bad

faith."  *See id.* at 8.  The court thus rejects the plaintiffs' argument that they are entitled to

attorneys fees under 28 U.S.C. § 2412(b).

One final point merits attention.  Notwithstanding the plaintiffs' argument that their

petition for attorneys' fees pursuant to 28 U.S.C. § 2412(b) was timely because this section of

the statute contains no explicit time limit for filing the application, this argument also fails.  *See*

Mot. for Recons. at 2.  The defendants properly submit that even if the 30-day time limit for

filing a fee petition under Section 2412(d)(1) does not apply to a petition under Section 2412(b),

the residual time limit for filing such a petition is the shorter limit set forth in Federal Rule of

Civil Procedure 54(d)(2)(B), which provides that, "[u]nless otherwise provided by statute or

order of the court, the motion [for attorneys' fees] must be filed and served no later than 14 days

after entry of judgment."  *See* FED. R. CIV. P. 54(d)(2)(B).  Accordingly, the plaintiffs' petition

for attorneys' fees under Section 2412(b) was also untimely and the court would therefore also

deny their petition on this ground.

## IV. CONCLUSION

For all these reasons, the court adopts Magistrate Judge Facciola's report and recommendation and denies the plaintiffs' motion for reconsideration. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this ___21___ day of March, 2002.

Ricardo M. Urbina
United States District Judge